IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-115 |
| | ) | |
| ROY ODUM, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Ware State Prison in Waycross, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. The Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.   BACKGROUND

This case challenges the validity of Petitioner's conviction for armed robbery in the Superior Court of Richmond County, Georgia. (See doc. no. 1, p. 2.) On February 18, 2014, a Richmond County grand jury indicted Petitioner, along with three other defendants, for armed robbery, possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. (See doc. no. 10-4, p. 1.) As a result of a jury trial, in which Petitioner was tried independently, Petitioner was found guilty of armed robbery, acquitted of possession of a firearm during the commission of a crime, and an order of *nolle prosequi* was

entered on possession of a firearm by a convicted felon.  (Id. at 2.)  Petitioner was sentenced

to life imprisonment.  (Id.)  During trial and sentencing, Petitioner was represented by Peter

Johnson.  (See doc. no. 10-5, p. 115.)

After Petitioner's trial, Petitioner filed a direct appeal through new counsel, Jeffery

Peil, to the Georgia Court of Appeals arguing:

> (1) [T]he evidence was insufficient to support Petitioner's armed robbery
> conviction;
>
> (2) [T]he trial court erred in failing to declare a mistrial after the State made
> unfairly prejudicial statements to the jury;
>
> (3) [T]he trial court improperly commented on the evidence.

 (See doc. no. 10-4, p. 2.)   The Georgia Court of Appeals affirmed Petitioner's

conviction on February 9, 2017 in Lewis v. State, No. A16A1756 (Ga. App. Feb. 9, 2017)

(unpublished); (doc. no. 10-1, p. 1.)

In its opinion, the Georgia Court of Appeals provided the following description of facts

about the armed robbery based on the evidence offered against Petitioner at trial:

> The evidence at trial shows that on the afternoon of November 21, 2013, Mary
> Valois, the office manager of the Fleming Apartments, was working in her
> office when a man came in to pay rent for his "auntie."  Valois testified that she
> had never seen the man before and that she did not believe that the resident for
> whom he was paying the rent was his "auntie" because he was the same age as
> the resident.  She collected the cash and noticed that the man watched her as she
> placed it in a desk drawer.  Valois was uneasy after this transaction and later
> informed her manager that she believed that the office might soon be robbed.
> At trial, Valois did not identify Lewis as the man who paid rent.
>
> Later that afternoon, Valois testified that another man walked into the rental
> office wearing a mask and a brown Carhartt zip-up work suit and holding a gun.
> The man then walked to the side of her desk and demanded all of her money.
> When Valois responded that she did not have any money, the man said, "I know

2

you have other money."

Lewis, No. A16A1756, at 1-2; (doc. no. 10-1, pp. 1-2).

The Court of Appeals further pointed to trial evidence that Valois and her boss watched the man leave and enter a white Caprice, and Valois' boss noted the tag information to later communicate to law enforcement.  (Doc. no. 10-1, p. 2.)  After an investigator located the vehicle parked next to a Ford Explorer, the investigator found co-defendants Reynolds and Wilcher inside the Ford Explorer. (Id. at 3.)  The investigator obtained permission to search the Ford Explorer and found a "loaded handgun, a dark ski mask, and a plastic baggie filled with coins."  (Id.)  Co-defendant Wilcher testified that, on the day of the incident, someone named Will devised the plan to rob the rental office.  (Id.)  After picking Will up, the co-defendants conducted surveillance on the area around the apartment complex and dropped Will off at a gas station before initiating the robbery.  (Id. at 3-4.)

Although Investigator Jen Rogers interviewed Petitioner, the recorded interview was replete with inadmissible evidence.  (See id. at 4.)  Investigator Rogers testified Petitioner admitted he paid his girlfriend's rent at the rental office the day of the armed robbery, spoke with Defendant Reynolds the day of the armed robbery regarding the cost of renting at the complex, and sold Defendant Reynolds a black ski mask.  (Id.)  In its review, the Georgia Court of Appeals ultimately affirmed the trial court's conviction. (Id. at 1.)

On October 2, 2017, Petitioner filed a *pro se* habeas corpus petition in the Superior Court of Ware County to challenge his armed robbery conviction by arguing the following:

(1)    Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective trail [sic] counsel regarding [s]uppressing Petitioner/Defendants [sic]

3

statements [d]ue to a false affidavit and arrest warrant.

(2)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective trail [sic] counsel regarding Trail [sic] Counsels [sic] failure to object to prejudicial opening statements and calling for a mistrail [sic].

(3)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective trial counsel regarding trial counsel not objecting and asking for a mistrial due to defendant being referred to as the perpitrator [sic] throught [sic] the trial.

(4)     Ineffective assist [sic] of Appellate Counsel for not raising ineffective trial counsel regarding trial counsel not asking to charge on a lesser included robbery [sic].

(5)     Ineffective assist [sic] of Appellate Counsel for not raising ineffective trial counsel regarding the [i]ntroduction of [p]rejudicial evidence i.e.: [g]un, [m]oney, [b]ullets, [g]unclip [sic], [h]at, [j]umpsuit. Non [sic] of which were directly linked to the defendant.

(6)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective trial counsel regarding [h]earsay [e]vidence being admitted without objection and [p]rejudicing the jury.

(7)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective [t]rial [c]ounsel regarding trial counsel not objecting to notes being sent to the trial [j]udge and the [j]udge not divulging the contents.

(8)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective [t]rial [c]ounsel regarding [t]rial [c]ounsel not being ready for trial.

(9)     Ineffective assist [sic] of Appellate Counsel for not raising [i]neffective trial counsel regarding [t]rial [c]ounsel not objecting to [i]ntroduction of victims opinion that the person paying rent would later be involved in a robbery.

(10)    Actual [i]nnocense [sic], miscairrage [sic] of [j]ustice, only evidence was Petitioner gave/sold co-defendant a [h]at and the testimony of [h]earsay of another co-defendant.

(11)    Void [s]entence, [d]uring [s]entencing the [j]udge utilized incorrect facts to support his excessive sentence.

4

(Doc. no. 10-2, pp. 5-9.)  An evidentiary hearing was held on January 25, 2018, and on April 9, 2020, the Superior Court of Ware County denied Petitioner's habeas corpus petition.  (See doc. no. 10-4, p. 22.)

Through current counsel, Petitioner filed an application for a certificate of probable cause ("CPC") to appeal the denial of relief, enumerating only one error relating to appellate counsel's failure to raise on appeal trial counsel's failure to object to hearsay evidence.  (See Doc. no. 10-8, p. 6).  The Georgia Supreme Court denied the application on February 1, 2021 and issued a remitter on March 4, 2021.  (Doc. no. 10-9.)  Petitioner now submits the above-captioned § 2254 petition on July 21, 2021, raising the following claims for relief:

(1)    The evidence at trial was insufficient to support Petitioner's conviction for armed robbery under Jackson v. Virginia, 443 U.S. 307 (1979).

(2)    Petitioner received ineffective assistance of appellate counsel, who failed to (i) object to, move to strike, or move for a mistrial for Petitioner being referred to erroneously as the gunman who directly committed the armed robbery; (ii) object to hearsay during co-defendant Wilcher's testimony; (iii) object to speculation, facts not in evidence, and/or leading during co-defendant Wilcher's testimony; and/or (iv) prepare for trial and/or seek a continuance.

(3)    Petitioner is actually innocent of armed robbery and, thus, is being wrongfully deprived of his liberty and allowing his conviction to stand is a miscarriage to justice.

(Doc. no. 1, pp. 6-9.)

Respondent argues federal relief should be denied on all claims either because the state court decisions deserve deference or because federal relief is not available for alleged violations of state law.  (See doc. no. 9, pp. 2-3).

5

## II.    STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim
>
> (1)   resulted in a decision that was contrary to, or involved an
>       unreasonable application of, clearly established Federal law, as
>       determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
>       determination of the facts in light of the evidence presented in the
>       State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure

of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for

asserting constitutional challenges to state convictions."  Harrington v. Richter, 562 U.S. 86,

103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard

for evaluating state-court rulings, which demands that state-court decisions be given the benefit

of the doubt."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the

difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1)

as follows:

> A state-court decision is contrary to this Court's clearly established precedents
> if it applies a rule that contradicts the governing law set forth in our cases, or if
> it confronts a set of facts that is materially indistinguishable from a decision of
> this Court but reaches a different result.  A state-court decision involves an
> unreasonable application of this Court's clearly established precedents if the

6

> state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice."  White v. Woodall, 572 U.S. 415, 419, 1702 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. -, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").   A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.  Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence."  Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't

of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## III.  DISCUSSION

### A.  Ground One Fails Because This Court Defers to the Correct Decision of the Georgia Court of Appeals that the Evidence Adduced at Trial Was Sufficient to Support the Armed Robbery Conviction

In Ground One, Petitioner argues the evidence at trial was insufficient to convince a rational trier of fact beyond a reasonable doubt of Petitioner's guilt of armed robbery. (Doc. no. 1, p. 6.) When Petitioner raised this sufficiency of the evidence argument on direct appeal, the Georgia Court of Appeals summarized the evidence – as set forth in detail in Part I, *supra* – and found it sufficient to authorize a rational trier of fact to find Petitioner guilty beyond a reasonable doubt under Hawkins v. State, 290 Ga. App. 686, 687 (660 SE2d 474) (2008) (citing to Jackson v. Virginia, 443 U.S. 307 (1979)). See Lewis, No. A16A1756 at 5; (Doc. no. 10-1, p. 5.) The Georgia Court of Appeals also cited O.C.G.A. § 16-2-20(b) and Stewart v. State, 243 Ga. App. 860, 861 (1) (534 SE2d 544) (2000)), in support of the propositions under Georgia law that (1) a defendant need not personally possess a weapon or fire a shot to be guilty as a party to an armed robbery if the evidence shows the defendant intentionally aided

or abetted committing the crime; and, (2) determining whether a person was a party to a crime can be inferred from presence, companionship, and conduct both before and after commission of the crime.  Lewis, No. A16A1756 at 5.

Petitioner asserts his conviction is inconsistent with the ruling in Jackson v. Virginia, 443 U.S. 307 (1979).  In Jackson, the Supreme Court held that the Fourteenth Amendment Due Process Clause mandates no person shall be convicted unless the evidence is sufficient to convince the trier of fact beyond a reasonable doubt of the existence of every element of the offense.  443 U.S. at 316.  Thus, the relevant question on review of a sufficiency of the evidence claim is whether "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.  The Court is also guided by AEDPA's mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Tharpe, 834 F.3d at 1336.

Petitioner fails to show the state court's conclusion was an unreasonable application of Jackson.  On direct appeal, the appellate court has a duty to view the evidence in the light most favorable to the verdict.  Jackson, 443 U.S. at 319; Barela v. State, 517 S.E.2d 321, 323 (Ga. 1999) ("[T]he [appellate] Court does not weigh or evaluate the evidence for itself, nor does it resolve conflicts concerning the evidence.  Rather it examines the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have

found the accused guilty beyond a reasonable doubt.")  Moreover, as explained above, in these federal proceedings, factual determinations made by the state court are presumptively correct and must be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Without substantive reference to any portion of the record, Petitioner makes the conclusory argument the evidence was insufficient to support his armed robbery conviction.  As presented on direct appeal, Petitioner argued the evidence was insufficient to prove he committed armed robbery because the State failed to prove he aided and abetted the co-defendants, who perpetrated the armed robbery.  Petitioner now points to circumstantial evidence relied on by the State at trial in arguing the evidence is insufficient.  (See doc. no. 7, p. 6.)  Petitioner asserts the circumstantial evidence, which includes alleged hearsay, Petitioner's statements to law enforcement, and interactions with Defendant Reynolds earlier on the day of the robbery, are inconsequential and therefore are insufficient.  (Id.)

However, Petitioner has not shown the state court was objectively unreasonable in its determination the evidence at trial was clearly sufficient for a jury to find guilt beyond a reasonable doubt.  It was the province of the jury to determine the credibility of witnesses, weigh the evidence, and resolve any conflicts or inconsistencies.  See Vega v. State, 673 S.E.2d 223, 225 (Ga. 2009); see also Manuel v. State, 711 S.E.2d 676, 678 (Ga. 2011) (explaining testimony of one witness can establish a fact and lack of corroboration goes to weight of evidence and witness credibility, both issues within jury's purview).

Although it is undisputed Petitioner was not actually present at the time the armed robbery occurred, the evidence at trial was sufficient to prove he was still culpable as a party

to a crime based on his aiding and abetting Defendant Reynolds.  See Flournoy, 755 S.E.2d at 782; see also State v. Jackson, 748 S.E.2d 902, 904 (Ga. 2013) ("A person who does not directly commit a crime may be convicted upon proof that the crime was committed and that a person was a party to it."); Teasley v. State, 704 S.E.2d 800, 801 (Ga. 2011) (explaining person who does not directly commit a crime may be convicted upon proof crime was committed and person was a party to the crime, which may be inferred from presence and conduct before and after crime); Hines v. State, 578 S.E.2d 868, 872 (Ga. 2003) (explaining Georgia does not recognize inconsistent verdict rule, pretermitting challenge to guilty verdict on one count as inconsistent with jury finding of not guilty on different count).  Furthermore, the record provides ample support for the jury verdict, and the related state court determination of sufficient evidence for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt.

The Georgia Court of Appeals did not unreasonably apply Jackson.  Petitioner's conclusory claim is inadequate to establish that the state court unreasonably applied Jackson or that the court's decision was based on an unreasonable determination of the facts in light of the evidence presented.  Indeed, Petitioner has not presented any clear and convincing evidence to rebut the presumptive correctness of the Georgia Court of Appeal's factual determinations.  Nor has he presented any legal support for his position concerning any impact of his acquittal on one charge with respect to his conviction on another.  The evidence at trial was sufficient for a jury to find guilt beyond a reasonable doubt.  Accordingly, Petitioner is not entitled to federal habeas relief in connection with his claim in Ground One.

B.     **Petitioner Procedurally Defaulted Claims in Grounds Two (i) and Two (iii-iv)**

1.     **A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v.

Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile."  See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted."  Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal.  See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test.");

14

Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").  In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.  O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2. Petitioner's Claims in Grounds Two (i) and Two (iii-iv) Are Procedurally Defaulted

In Ground Two, Petitioner argues appellate counsel was ineffective during Petitioner's direct appeal of his armed robbery conviction for not challenging trial counsel's decisions throughout trial.  (Doc. no. 1, p. 8).  Respondent argues some of these claims are procedurally defaulted because Grounds Two (i) and (iv) were not raised in the Petitioner's CPC application before the Georgia Supreme Court, and Ground Two (iii) was not even raised in the state habeas court petition.  (Doc. no. 9, p. 2) (citing Chambers v. Thompson, 150 F.3d at 1324; Pope v. Rich, 358 F.3d 852 (11h Cir. 2004)).

In Ground Two of Petitioner's current federal petition, he argues Mr. Peil ineffectively assisted Petitioner by not asserting trial counsel was ineffective for:

> (i) failing to object to, move to strike, or move for a mistrial for Petitioner being referred to erroneously as the gunman who directly committed the armed robbery; (ii) failing to object to hearsay during co-defendant Wilcher's testimony; (iii) failing to object to speculation, facts not in evidence, and/or leading during co-defendant Wilcher's testimony; and/or (iv) failing to prepare

for trial and/or seek a continuance.

(Doc. no. 1, p. 8.)  Arguably, Petitioner raised some form of these grounds in the first nine enumerated grounds of his state habeas petition, as recited in Part I, *supra*.  (See doc. no. 10-2, pp. 5-9.)   However, Petitioner's CPC application, filed through current counsel, only enumerates a single ground of review for the Georgia Supreme Court:

> There is arguable merit as to the Petitioner's claims that his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section I, Paragraphs XIV of the Georgia Constitution was violated based upon appellate counsel's failure to raise trial counsel's failure to object to hearsay statements at Petitioner's trial.

(Doc. no. 10-9, p. 7.)  This single ground for relief enumerated in Petitioner's CPC application directly corresponds to Ground Two (ii) of his federal petition.

As Petitioner did not present his claims in Grounds Two (i) and (iii-iv) to the Georgia Supreme Court, we must find Petitioner has not adequately exhausted the state habeas procedure and determine Petitioner's Ground Two (i), (iii-iv) procedurally barred from consideration. See Stinksi v. Ford, 2021 WL 48348 at *5 (S.D. Ga. Jan. 5, 2021) (holding petitioner must not just file a CPC application but also include each individual claim to fully exhaust) (citing Hittson v. GDCP Warden, 759 F.3d 1210, 1232 n.23 (11th Cir. 2014) ("Because Georgia prisoners are required to apply for a CPC before they have exhausted their state remedies, . . . claims not in [the petitioner's] CPC application are unexhausted.")). Accordingly, the Court hereby finds Petitioner procedurally defaulted Grounds Two (i) and (iii-iv) in his federal habeas petition.

16

### 3.    Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default."  Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 12-18 (2012).

Petitioner has presented no justification for failing to raise these claims in his CPC application before the Georgia Supreme Court.  In addition, Petitioner can show neither

17

prejudice resulting from the default nor that the claims are substantial as explained above.  See *supra* III.A.2.  Accordingly, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of the claims in Grounds Two (i) and (iii-iv).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice."  Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.  Murray, 477 U.S. at 496.  In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  569 U.S. 383, 394-95 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner argues in his rebuttal that his case involves a miscarriage of justice and he did not commit armed robbery and is therefore innocent of his conviction.  (Doc. no. 1, p. 9; doc. no. 12, p. 1).  However, Petitioner does not submit any new evidence showing he is actually innocent of the crime of armed robbery.  Instead, Petitioner merely states he "will establish clearly and convincingly through newly discovered evidence, viewed in light of all the other evidence, that he is factually innocent of armed robbery. . . ."  (Doc. no. 1, p. 9.)  "[O]nly provid[ing] new interpretations of existing evidence [is] not . . . a sufficient showing of actual innocence to overcome the procedural default."  Claritt v. Kemp, 336 F. App'x 869, 871 (11th

Cir. 2009). Indeed, this is because "'actual innocence' means *factual* innocence, not mere legal insufficiency." McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623, (1998)); see also Sawyer v. Whitley, 505 U.S. 333, 339 (1992) ("the miscarriage of justice exception is concerned with actual as compared to legal innocence"). Consequently, because Petitioner presents no new evidence but only novel legal arguments, he has not shown a miscarriage of justice will occur if the Court does not consider this claim. Accordingly, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of the claims in Grounds Two (i) and (iii-iv).

Accordingly, these claims in the instant § 2254 petition have been defaulted and provide no basis for federal habeas relief.

### C. Applying AEDPA Deference to the Ground Two (ii) Ineffective Assistance Claims Rejected by the State Courts, Federal Habeas Relief Is Not Warranted

#### 1. Under Strickland v. Washington and AEDPA Deferential Standards Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims

In Ground Two (ii), Petitioner claims he received ineffective assistance of counsel in both the trial and direct appeal stages of his conviction because of a failure by appellate counsel to raise the ineffective assistance of trial counsel for failure to object to hearsay statements made by co-defendant Wilcher's during his trial testimony. (Doc. no. 7, p. 7.) Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, Petitioner must show that "counsel's representation

fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."  Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001).  Strategic decisions are entitled to a "heavy measure of deference."  Strickland, 466 U.S. at 691.  Indeed, "strategic choices are 'virtually unchallengeable.'"  Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing Strickland, 466 U.S. at 690 and Waters v. Thomas, 46 F.3d 1506, 1522 (11th Cir. 1995) (en banc)).  To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice.  Strickland, 466 U.S. at 690.  Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983) (per curiam) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." (citations omitted)).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies

20

. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."  Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).  Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different."  Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

The Strickland test also applies to claims of ineffective assistance of appellate counsel, see Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  Jones v. Barnes, 463 U.S. 745, 751 (1983); see also

Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (explaining appellate counsel not required to raise every non-frivolous issue). Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted). Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review. Jones, 463 U.S. at 751-52; Philmore, 575 F.3d at 1264. Prejudice turns on whether "the neglected claim would have a reasonable probability of success on appeal." Philmore, 575 F.3d at 1265 (citation omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 699. "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted).

Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly

22

deferential, . . . when the two apply in tandem, review is doubly so." Richter, 562 U.S. at 105 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . .  [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (internal quotations and citations omitted).  To obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.  Put another way, "[t]he Strickland standard is a general one, so the range of reasonable applications is substantial." Richter, 562 U.S. at 105; see also Woods, 135 S. Ct. at 1376 ("AEDPA's standard is intentionally difficult to meet.").

The purpose of the review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different. . . .  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*).  That is, Strickland requires application of a totality-of-the-circumstances standard because "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Khan v. United States, 928 F.3d 1264, 1273 (11th Cir.)

(citation omitted), *cert. dismissed*, 140 S. Ct. 339 (U.S. Nov. 5, 2019).  As recently emphasized

by the Eleventh Circuit:

> [D]eferential review under <u>Strickland</u> does not ask whether counsel could
> possibly or ideally have been more effective.  "The test for ineffectiveness is not
> whether counsel could have done more."  We do not ask whether an attorney's
> representation "deviated from best practices or common custom," and we should
> resist the temptation to second-guess an attorney with the benefit of our
> hindsight.   Rather, <u>Strickland</u> asks only "whether, in light of all the
> circumstances, the identified acts or omissions were outside the range of
> professionally competent assistance."

<u>Jenkins v. Comm'r, Ala. Dep't of Corr.</u>, 963 F.3d 1248, 1269-70 (11th Cir. 2020) (internal

citations omitted).

> ### 2.   Applying AEDPA Deference, the State Court's Application of Strickland to Petitioner's Ineffective Assistance Claim Was Not Objectively Unreasonable to Warrant Federal Habeas Relief

The Georgia Supreme Court denied Petitioner's certificate of probable cause to appeal

in a two-sentence order: "Upon consideration of the application for certificate of probable

cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied.  All the

Justices concur."  (Doc. no. 10-9.)  Because the denial was not accompanied by reasons, this

Court "should 'look through' the unexplained decision to the last related state-court decision

that does provide a relevant rationale" when determining, pursuant to 28 U.S.C. § 2254(d),

whether the state court decision was reasonable.  <u>Wilson v. Sellers</u>, 584 U.S., 138 S. Ct. 1188,

1192 (2018).  The Court is also guided by AEDPA's mandate that factual determinations made

by a state court are presumptively correct unless rebutted by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely

because the federal habeas court would have reached a different conclusion in the first instance." Tharpe, 834 F.3d at 1336.

Thus, the Court turns its attention to the state habeas court reasoning in its decision, as it is the last state court to decide Petitioner's federal claim, in a reasoned opinion. See Wilson, 138 S. Ct. at 1192. As discussed below, the state habeas court correctly identified and applied the two-part Strickland analysis to determine Petitioner did not show counsel's performance was objectively unreasonable or that she was prejudiced by counsel's performance. (See doc. no. 10-4, pp. 3-16.)

###### i.      Testimony at State Habeas Evidentiary Hearing

Mr. Peil was admitted to the Georgia Bar in 2014, and takes contract appointments to do conflict appeals for defendants. (Doc. no. 10-5, p. 11.) Mr. Peil had no involvement with the trial phase of Petitioner's case and was appointed to represent Petitioner on appeal because the Augusta Public Defender's office was conflicted out of representation. (Id. at 12-13.)

When Mr. Peil received the appointment, he amended the motion for new trial to argue: (1) the evidence adduced at trial was not sufficient; (2) the state improperly suggested to the jury that co-defendant Reynold would testify Defendant gave him a gun, a mask, and sent him to rob the leasing office; (3) the state made prejudicial statements; (4) the verdict was against the weight of the evidence; and (5) the verdict was contrary to law. (Id. at 13, 151-52.) In preparing Petitioner's case, Mr. Peil reviewed the trial transcript and had discussions both with Petitioner and trial counsel, Mr. Johnson. (Id. at 13.) Mr. Peil also involved the Director of the Georgia Public Defender council, David Clark, and head of the Appellate Division,

Michael Tarleton, to assist him.  (Id. at 14.)  After losing the motion for new trial, Mr. Peil challenged on direct appeal the sufficiency of the evidence, and a comment from the trial judge, but chose not to raise the issue of the ineffective assistance of trial counsel, even though Petitioner requested Mr. Peil raise that issue.  (Id. at 14-16, 41-42.)  Mr. Peil likewise reviewed the record for any potential ineffective assistance of trial counsel claims, but saw nothing to raise.  (Id. at 19-30, 41.)

> ii.    **The State Habeas Court's Determination Appellate Counsel Did Not Act Objectively Unreasonable Was Not an Unreasonable Application of Federal Law**

Petitioner alleges his fifth, sixth, and fourteenth amendment rights were violated when Petitioner's appellate counsel failed to assert ineffective assistance of trial counsel for Petitioner's not objecting to co-defendant Wilcher's testimony as hearsay.  (See doc. no. 7, pp. 8-9.)  Even though Petitioner's current ineffective assistance claim is one of constitutional dimension, this Court should "defer to the state's construction of its own law" when the federal ineffective assistance claim is based on counsel's failure to raise an issue of state law.  Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1295 (11th Cir. 2017); see also Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997) ("[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.").  Therefore, when considering under the current circumstances "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard," Pinkney, 876 F.3d at 1295, the Court presumes the state habeas court knows, and correctly applied, Georgia law.  The state habeas court found appellate counsel's performance sufficient, and Petitioner not prejudiced under Strickland as

26

to these claims, forming an adjudication on the merits warranting the deferential standard of review prescribed by § 2254(d).  See Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008).

Petitioner's appellate counsel, Jeffrey Frances Peil, testified he reviewed the trial court record, including the trial transcript and spoke with trial counsel.  (Doc. no. 10-4, p. 4)  Mr. Peil was also assisted by several senior attorneys who worked at the appellate division of the Georgia Public Defender council.  (Id.)  In assessing what claims to pursue on appeal, Mr. Peil ultimately raised issues he viewed to have the most meritorious claims on direct appeal and did not argue issues he considered to be meritless.  (Id. at p. 9.)  Specifically, Mr. Peil alleged the "trial court erred in failing to grant a mistrial after the State referred to Reynolds as 'the defendant.'"  (Id.)  However, Petitioner argues Mr. Peil ineffectively assisted Petitioner by not asserting trial counsel was ineffective for: "(ii) failing to object to hearsay during co-defendant Wilcher's testimony." (Doc. no. 1, p. 8.)

As the state habeas court found "Petitioner has presented no testimony from Mr. Peil as to why he did not raise this claim.  In the absence of testimony to the contrary, an attorney's decisions are presumed to be strategic.  Clements v. State, 301 Ga. 267, 271, 800 S.E.2d 552 (2017)."  (Id.)  Mr. Peil testified he reviewed the record for any potential ineffective assistance claims but saw nothing to raise.  (Doc. no. 10-5, p. 13.)  Rather, Mr. Peil chose to raise more meritorious issues on appeal.  As set forth above, a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as matter of professional judgment, decides not to present those points."  Jones, 463

27

U.S. at 751; see also Philmore, 575 F.3d at 1264 (explaining appellate counsel not required to raise every non-frivolous issue).  Under these circumstances, the state habeas court correctly found Mr. Peil's acted reasonably.  (Doc. no. 10-6, p. 6.)  Indeed, it cannot be said that no competent counsel would have made such a choice.  Strickland, 466 U.S. at 690.

Moreover, the state habeas court ruled Mr. Peil did not provide ineffective assistance on this point because such argument was meritless under Georgia law.  In denying relief, the state habeas court ruled as follows:

> "[U]nder OCGA § 24-8-801(d)(2)(E), a statement by a defendant's co-conspirator made 'during the course and in furtherance of the conspiracy . . .' is not excluded by the hearsay rule when offered against the defendant."  Mosley v. State, No. S 19A130 l, 2020 Ga. LEXIS 56, at *8 (Jan. 27, 2020). Furthermore, under O.C.G.A. 24-8-805, "[h]earsay included within hearsay shall not be excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule." Here, Wilcher testified that Reynolds told him about certain statements made by Petitioner, each of which concerned the planning of the armed robbery.  Accordingly, both levels of hearsay qualified as statements by a co-conspirator under O.C.G.A. 24-8-801 (d)(2)(E), and thus were not inadmissible as hearsay.

(Doc. no. 10-4, pp. 13-14.)  Not only does Petitioner ask this Court to second-guess the state habeas court's ruling on this purely state law evidentiary issue, which the Court cannot do, but he also provides no argument or reasoning for doing so.  (See doc. no. 7.)  The state habeas court properly found the testimony of co-defendant Wilcher met a hearsay exception, and Petitioner fails to sufficiently undermine such finding as to distort the presumption the state habeas court knew and correctly applied Georgia law.

Appellate counsel's failure to raise these non-meritorious issues cannot be ineffective or prejudicial.  See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) ("[Petitioner's]

appellate counsel was not ineffective for failing to raise a nonmeritorious issue."); <u>Bolender v. Singletary</u>, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance")  Under these circumstances, the state habeas court correctly found Mr. Peil's acted reasonably.  (Doc. no. 10-6, p. 6.) Indeed, it cannot be said that no competent counsel would have made such a choice. <u>Strickland</u>, 466 U.S. at 690.

> ### iii.   The State Habeas Court's Determination Petitioner Suffered No Prejudice Was Not an Unreasonable Application of Federal Law

Because the state habeas court did not find prejudice, Petitioner's claim also fails to satisfy the <u>Strickland</u> test.  The state habeas court ruled that, since Petitioner's co-defendant's testimony and relevant evidence complied with the evidentiary laws of Georgia, Petitioner "failed to demonstrate actual prejudice."  (<u>Id.</u> at 13-14, 20.)  In sum, Petitioner cannot satisfy the two-part test of <u>Strickland</u>. Therefore, the state court's decision to reject this claim was not an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts in light of the evidence presented.  This claim provides no basis for federal habeas corpus relief.

> ### D.   Petitioner's Actual Innocence Claim Fails Because Freestanding Claims Do Not Exist and The Gateway to Revive Defaulted Claims is Irrelevant

In Ground Three, Petitioner claims he is "actually innocent" of his conviction of armed robbery.  (Doc. no. 1, p. 9.)  The actual innocence gateway standard is demanding, and "in virtually every case, the allegation of actual innocence has been summarily rejected." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (citations omitted).  "[T]enable actual-

innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (citations omitted).

The Eleventh Circuit recently reiterated there is no freestanding claim of actual innocence because "'[f]ederal courts are not forums in which to relitigate state trials.'" Raulerson v. Warden, 928 F.3d 987, 1004 (11th Cir. 2019) (quoting Herrera v. Collins, 506 U.S. 390, 401 (1993)).  "It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since trial."  Id. (citing Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002)).  "[A]bsent an independent constitutional violation occurring in the underlying state criminal proceeding," Eleventh Circuit precedent forecloses habeas relief based on a claim of actual innocence.  Id. (citations omitted).

Petitioner asserts he will "clearly and convincingly show through newly discovered evidence, viewed in light of all the other evidence, that he is factually innocent of armed robbery and upon which no reasonable juror would have convicted him."  (Doc. 1, p. 9.) However, Petitioner has not presented any new evidence sufficient to prove actual innocence.

Therefore, Petitioner's claim of actual innocence in the instant § 2254 petition is rejected as meritless.

IV.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the

petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of January, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA